# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mirabela Roman, Tiberius Zaharia, P.Z., S.Z., and I.Z. **PLAINTIFFS** | |
| **v.** | **Civil Action No.** |
| Town of Westborough, Westborough Police Department, Westborough Department Chief Todd Minardi in his professional capacity and individually, [Prior] Westborough Department Chief Jeffrey Lourie in his professional capacity and individually, Officer William Ethier Jr. in his professional capacity and individually, Officer Elysha O'Brien in her professional capacity and individually, Officer Michael Turco in his professional capacity and individually, Officer Richard Trainor in his professional capacity and individually, Sergeant Chris Atchue in his professional capacity and individually, Sergeant Clifford Luce in his professional capacity and individually and any other Defendant to be later identified [Officer John Doe] **DEFENDANTS** | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is a diversity civil action against the Defendant(s), Town of Westborough, Westborough Police Department, Westborough Department Chief Todd Minardi in his professional capacity and individually, [Prior] Westborough Department Chief Jeffrey Lourie in his professional capacity and individually, Officer William Ethier Jr. in his professional capacity and individually, Officer Elysha O'Brien in her professional capacity and individually, Officer Michael Turco in his professional capacity and individually, Officer Richard Trainor in his professional capacity and individually, Sergeant Chris Atchue in his professional capacity and individually, Sergeant Clifford

Luce in his professional capacity and individually and any other Defendant to be later identified for negligence, gross negligence, conspiracy, obstruction of justice, and assault and battery, for conduct resulting in personal/physical injuries, emotional distress upon all named Plaintiffs.

2. The Town of Westborough is a town duly incorporated in the Commonwealth of Massachusetts located within the county of Worcester.

3. The Town of Westborough has been properly served with a Notice of Presentment within the time proscribed by M.G.L. c. 258 §4, to wit, on October 13, 2022.

4. This is a civil action against all of the Defendant(s), jointly or severally, by the Plaintiff(s) for negligence, gross negligence, conspiracy, intentional infliction of emotional distress, negligent infliction of emotional distress and assault and battery resulting in personal/physical injuries, emotional distress upon all named Plaintiffs and loss of earning capacity as to the adult named Plaintiffs, to wit, Mirabela Roman and Tiberius Zaharia.

5. This is a civil action against all of the Defendant(s) by the Plaintiff(s) for violations/claims of 28 U.S.C. § 1983 and §1988.

6. This is a civil action against all of the Defendant(s) by the Plaintiff(s) for violation/claim of the Massachusetts Civil Rights Act, M.G.L. c. 12 § 11.

7. Plaintiff(s) seek compensation from all Defendants for infliction of personal injuries, including but not limited to pain, suffering, emotional distress, in violation of their civil rights. The Plaintiff submits that the Town's failure to properly train, supervise, and discipline it officer(s) in proper investigation of crimes as well as failing to train officers on updates as to the law was the moving force in causation of the officer(s) unlawful conduct.

## JURISDICTION AND VENUE

8. This action includes claims under 42 U.S.C. § 1983 and § 1988. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§2201-2202, 1332. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

9.  Plaintiff(s), collectively, are not citizens of the Commonwealth of Massachusetts and have a present lawful address of 2020 Collier Blvd., O'Fallon, MO 63366.

10. The Defendant's, collectively, are a local government entity within the county of Worcester and/or are employed by a municipality within the county of Worcester County, which has a business address of 45 W. Main Street, Westborough, Massachusetts 01581.

11. At the time of the incident, Chief Jeffrey Lourie was the Police Chief, and at the present time the Chief of Police for the Town of Westborough is Todd Minardi. Both Chief's are responsible for all operations of the Westborough Police Department at the respective and applicable times.

12. At the time of the incident, the responding Officer's named in the caption, violated the civil rights of the Plaintiff's by acting, investigating, and enforcing alleged panhandling that Supreme Judicial Court deemed as constitutionally protected conduct in 2020.

13. All Defendants are being sued in their individual and professional capacities for their violations of the Plaintiffs civil rights.

## FACTS

14. On September 13, 2021, the Plaintiff's, collectively, were lawfully upon the premise of Baystate Commons, a plaza located in Westborough, Massachusetts.

15. At the time of the incident, the Roman children were 11 months old (I.Z.), 3 years old (S.Z.), and 6 years old (P.Z.).

16. Officer William Ethier alleges that he commenced a self-directed patrol of the plaza and happened upon a group with a sign asking for money, i.e., panhandling.

17. The Department of Children and Families [hereinafter "Department"] were, according to the police report, somehow, summonsed to the scene as the adults on premise had three of their minor children with them and

18. The Roman family was allegedly panhandling on the premise.

19. On the date/time of the alleged incident, the Westborough Police Department had not received any complaints regarding panhandling that the Baystate Commons Plaza.

20. On the date/time of the alleged incident, the Westborough Police Department had not received any complaints regarding allegations of abuse and neglect of the Roman children.

21. It is unclear from the Statement of Facts drafted by Sgt. Clifford Luce, how the Department of Children and Families [hereinafter "Department"] was notified of the Roman's presence at the Baystate Commons.

22. The Statement of Facts, prepared by Sgt. Clifford Luce, confirms that the Department took custody of the children, with the assistance of Officer's Turco and O'Brien, from the scene of the incident.

23. The narrative report completed by Officer O'Brien confirms that the Roman family was detained and interrogated regarding concerns of '*abuse and neglect'* of their children without any specific articulable facts that would justify and/or warrant an initial stop and detention of the Roman family.

24. The Roman family was detained on-scene for five (5) hours without being provided with food, water, or being advised of their right to have counsel.

25. The Roman parents and children were assaulted as a direct result of the actions of the Westborough Police Department.

26. Sgt. Clifford Luce repeatedly assaulted Mirabela Roman by using "*several brief closed fist strikes*" while holding her children.

27. Mirabela Roman was falsely arrested for Assault and Battery of a Police Officer, to wit, Officers O'Brien and Turco.

28. Officer Trainor and Sgt. Atchue aided in the unlawful arrest of Mirabela Roman.

29. Tiberius Zaharia was assaulted by an on-scene Officer, not yet identified, when he was placed on the ground, face down, with a knee on his back and his head forcibly held down and turned away from the scene of the physical assault upon Mirabela Roman.

30. The children were placed in Department custody for an estimated two (2) weeks.

31. The Roman children were placed back into the care and custody of their parents after an estimated 2 weeks on foster care with the Department.

32. As a direct results of the foregoing, the Plaintiffs were caused to suffer emotional distress, pain and suffering, physical injuries, and significant fear of law enforcement.

# CAUSES OF ACTION

## COUNT I
### 42 U.S.C. §§ 1983 and 1988
### (AS TO DEFENDANTS TOWN OF WESTBOROUGH, WESTBOROUGH POLICE DEPARTMNET, AND ALL NAMED SWORN OFFICERS OF THE WESTBOROUGH POLICE DEPARTMENT)

33. Plaintiff(s) re-alleges the allegations contained in the foregoing paragraphs 1 through 32 and incorporates those allegations by reference as if fully restated herein.

34. The actions of Officers Ethier, O'Brien, Turco, Trainor, Sgt. Atchue and Sgt. Luce were taken under color of state law as they used their employment position of a police officer and power of authority to interfere with lawful conduct, to wit, panhandling, resulting in an improper field investigation, detention, interrogation, false arrest of Mirabela Roman, and kidnapping of the Roman children.

35. On September 13, 2021, Officers Ethier, Turco, O'Brien, Trainor, Sgt. Atchue and Sgt. Luce were employed by the Town of Westborough as police officers and worked the evening shift.

36. On September 13, 2021 at 1725 hours, Officer Ethier commenced a self-patrol of the Baystate Commons Plaza and observed Plaintiff's Mirabela Roman and Tiberius Zaharia with a sign asking for money [panhandling] and commenced an investigation.

37. Officer Ethier, at the time of the incident, was not properly advised of or trained on the panhandling law.

38. Officer Ethier had an affirmative duty to contact the supervising officer at the Westborough Department on September 13, 2021 to report the alleged incident in an effort to ascertain the criminality of the Plaintiff's conduct.

39. Officer Ethier allegedly contacted Sgt. Luce, who arrived on scene and did not correct the unlawful field investigation, detention, and interrogation.

40. Sgt. Luce participated in the unlawful field investigation, detention, and interrogation of Mirabela Roman and Tiberius Zaharia.

41.    Sgt. Luce assaulted Mirabela Roman by attempting to forcibly remove her infant and toddler from her arms.

42.    Sgt. Luce assaulted the 11-month-old infant and 2-year-old toddler by forcibly placing his hands on the children and pulling the children in an attempt to remove the children from the mother's arms.

43.    Sgt. Luce assaulted the 11-month-old infant and 2-year-old toddler by delivering "*several brief closed fist strikes*" upon Mirabela Roman while she was holding her children.

44.    Officer's O'Brien, Turco, and Ethier failed to intervene to stop Sgt. Luce's unlawful and assaultive behavior upon Mirabela Roman, I.Z., and S.Z.

45.    Officer's O'Brien and Turco unlawfully placed their hands upon the Roman children and Mirabela Roman in an effort to assist Sgt. Luce in pulling the children away from the mother.

46.    Officer Trainor and Sgt. Atchue arrived on scene after the assaults and assisted in the arrest of the Mirabela Roman.

47.    Neither Officer Trainor nor Sgt. Atchue inquired as to the nature of the incident in an effort to assess the lawfulness of the arrest.

48.    Officer Trainor and Sgt. Atchue violated the civil rights of the Plaintiffs by assisting in the unlawful arrest of Mirabela Roman.

49.    The Town of Westborough and the Westborough Police Department failed to properly train and re-train their Officer(s) on changes in the law.

50.    As a direct result of Officer Ethier's, O'Brien's, Turco's and Sgt. Luce's lack of training, Plaintiff Mirabela Roman was arrested and falsely charged with Assault and Battery [Westborough District Court, Docket No. 2167CR001044].

51.    As a direct result of Officer Ethier's, O'Brien's, Turco's and Sgt. Luce's unlawful conduct, the state took custody of the Roman children.

52.    While there are policies and procedures that exist and the date of those policies and procedures pre-date the date of incident, to wit, September 13, 2021, it is evident that the Town of Westborough and the Westborough Police Department failed to properly supervise their Officer(s) and Sergeant.

53.    It is evident that Officers Ethier, O'Brien, Turco and Sergeant Luce had deliberate indifference for the policies and procedures of their Police Department, the law and required additional training.

54. The Department's failure to properly train, re-train and supervise Officers Ethier, Turco, O'Brien, Trainor, Sgt. Atchue and Sgt. Luce resulted in an unlawful field investigation, unlawful interrogation, unlawful detention, unlawful arrest, unlawful custody of the Roman children to the Department, and an Assault and Battery upon Mirabela Roman, Tiberius Zaharia, S.Z. and I.Z. all in violation of the Plaintiff's civil rights.

55. The Department's failure to properly train, re-train and supervise Officers Ethier, Turco, O'Brien and Sgt. Luce resulted in an unlawful arrest of the Plaintiffs as they were detained on scene from 1725 hours until 2300 hours, five (5) hours, and were not permitted leave all in violation of the Plaintiff's civil rights.

56. Police Chiefs Minardi and Lourie, as superior officers, are responsible for the conduct of their officers.

57. As a direct and proximate cause of the foregoing, the Plaintiffs suffered harm and have a right to be compensated.

WHEREFORE, the Plaintiff demands Judgment against the Town of Westborough, Westborough Police Department, Chief Todd Minardi, [prior] Chief Jeffrey Lourie, Officer Ethier, Officer O'Brien, Officer Trainor, Sgt. Atchue and Sgt. Clifford Luce for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT II
## NEGLIGENCE
## (AS TO DEFENDANTS WESTBOROUGH POLICE DEPARTMENT, POLICE CHIEF TODD MINARDI and [prior] POLICE CHIEF JEFFREY LOURIE)

58. Plaintiff re-alleges the allegations contained in the foregoing paragraphs 1 through 57 and incorporates those allegations by reference as if fully restated herein.

59. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie owed the Plaintiffs a duty of care to supervise, train, and re-train Officer's Ethier, O'Brien, Turco, Trainor, Sgt. Atchue and Sgt. Luce.

60. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie owed the Plaintiffs a duty of care to review the conduct of Officer's Ethier, O'Brien, Turco, Trainor, Sgt. Atchue and Sgt. Luce by reviewing

turret tapes, video surveillance, and police reports.

61. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie breached that duty of care when Officer's Ethier, O'Brien, Turco and Sgt. Luce violated the Plaintiff's civil rights.

62. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie breached that duty of care when Officer's Ethier, O'Brien, Turco and Sgt. Luce violated unlawfully detained the Plaintiffs.

63. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie breached that duty of care when Officer's Ethier, O'Brien, Turco and Sgt. Luce unlawfully arrested Mirabela Roman.

64. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie breached that duty of care when Officer's Ethier, O'Brien, Turco and Sgt. Luce unlawfully permitted the Roman children to be taken into state custody.

65. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie failed to investigate why Officer's Ethier, O'Brien, Turco and Sgt. Luce were tied up on a call for five (5) hours.

66. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie failed to review the conduct of Officer's Ethier, O'Brien, Turco and Sgt. Luce.

67. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie to take corrective action and failed to discipline the officers for their unlawful conduct.

68. Chief Todd Minardi, who was the Deputy Chief at the time of the incident, and Police Chief Jeffrey Lourie failed to review the police reports to evaluate the conduct of their police officers.

69. Chief Todd Minardi, who was the Deputy Chief at the time of the incident, and Police Chief Jeffrey Lourie had duty to supervise their police officers and part of that supervision includes a review of the work of the police officers.

70. By failing to supervise and review the work of Officers Ethier, O'Brien, Turco, Trainor, Sgt. Atchue and Sgt. Luce, this incident was not investigated.

71. By failing to supervise and review the work of Officers Ethier, O'Brien, Turco, Trainor,

Sgt. Atchue and Sgt. Luce, the officers were permitted to act unlawfully and were not disciplined for unlawful conduct and criminal activity.

72.     As a direct and proximate cause of the aforementioned breach, the Plaintiffs suffered mental and emotional distress, pain and suffering, medical costs, legal costs, loss of earning capacity as other costs they may be identified or accrue.

WHEREFORE, the Plaintiffs demand Judgment against the Town of Westborough, Westborough Police Department, Police Chief Todd Minardi and [prior] Police Chief Jeffrey Lourie for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT III
## GROSS NEGLIGENCE
## (AS TO DEFENDANTS WESTBOROUGH POLICE DEPARTMENT, POLICE CHIEF TODD MINARDI and [prior] POLICE CHIEF JEFFREY LOURIE)

73.     Plaintiff re-alleges the allegations contained in the foregoing paragraphs 1 through 72 and incorporates those allegations by reference as if fully restated herein.

74.     The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie owed the Plaintiffs a duty of care to supervise, train, and re-train Officer's Ethier, O'Brien, Turco, Trainor, Sgt. Atchue and Sgt. Luce.

75.     The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie owed the Plaintiffs a duty of care to review the conduct of Officer's Ethier, O'Brien, Turco, Trainor, Sgt. Atchue and Sgt. Luce by reviewing turret tapes, video surveillance, and police reports.

76.     The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie breached that duty of care when Officer's Ethier, O'Brien, Turco and Sgt. Luce violated the Plaintiff's civil rights.

77.     The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie breached that duty of care when Officer's Ethier, O'Brien, Turco and Sgt. Luce violated unlawfully detained the Plaintiffs.

78.     The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie breached that duty of care when Officer's Ethier,

O'Brien, Turco and Sgt. Luce unlawfully arrested Mirabela Roman.

79. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie breached that duty of care when Officer's Ethier, O'Brien, Turco and Sgt. Luce unlawfully permitted the Roman children to be taken into state custody.

80. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie failed to investigate why Officer's Ethier, O'Brien, Turco and Sgt. Luce were tied up on a call for five (5) hours.

81. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie failed to review the conduct of Officer's Ethier, O'Brien, Turco and Sgt. Luce.

82. The Town of Westborough, the Westborough Police Department, Chief Todd Minardi and Police Chief Jeffrey Lourie to take corrective action and failed to discipline the officers for their unlawful conduct.

83. Chief Todd Minardi, who was the Deputy Chief at the time of the incident, and Police Chief Jeffrey Lourie failed to review the police reports to evaluate the conduct of their police officers.

84. Chief Todd Minardi, who was the Deputy Chief at the time of the incident, and Police Chief Jeffrey Lourie had duty to supervise their police officers and part of that supervision includes a review of the work of the police officers.

85. By failing to supervise and review the work of Officers Ethier, O'Brien, Turco, Trainor, Sgt. Atchue and Sgt. Luce, this incident was not investigated.

86. By failing to supervise and review the work of Officers Ethier, O'Brien, Turco, Trainor, Sgt. Atchue and Sgt. Luce, the officers were permitted to act unlawfully and were not disciplined for unlawful conduct and criminal activity.

87. As a direct and proximate cause of the aforementioned breach, the Plaintiffs suffered mental and emotional distress, pain and suffering, medical costs, legal costs, loss of earning capacity as other costs they may be identified or accrue.

WHEREFORE, the Plaintiffs demand Judgment against the Town of Westborough, Westborough Police Department, Police Chief Todd Minardi and [prior] Police Chief Jeffrey

Lourie for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT IV
## ASSAULT AND BATTERY
## (AS TO DEFENDANT TOWN OF WESTBOROUGH, WESTBOROUGH, SGT. CLIFFORD LUCE IN HIS INDIVIDUAL AND PROFESSIONAL CAPACITY)

88. Plaintiff re-alleges the allegations contained in the foregoing paragraphs 1 through 86 and incorporates those allegations by reference as if fully restated herein.

89. On September 13, 2021, Sgt. Luce, while on duty working for the Westborough Police Department did commit the tort of Assault and Battery against Plaintiff's Mirabela Roman by assaulting and battering her without legal justification, cause, excuse or privilege.

90. Per Sgt. Luce's narrative report, he delivered "*several brief closed fist strikes*" upon Mirabela Roman's person, while she was holding her children, resulting in an Assault and Battery of Mirabela Roman.

91. I.Z. and S.Z. were in the arms of their mother when the mother was assaulted. The children were an extension of Mirabela Roman's person when Mirabela Roman was assaulted by Sgt. Luce. As a direct result, I.Z. and S.Z. were assaulted by Sgt. Luce.

92. Sgt. Luce acted in a manner inconsistent with his academy training, field training, in-service training, and legal update training.

93. As a direct and proximate result of the Assault and Battery, the Plaintiffs Mirabela Roman, I.Z. and S.Z. were caused to suffer severe personal injuries, significant pain and suffering, medical treatment, legal expenses, loss of employment opportunity (as to Mirabela Roman) and other costs and damages.

WHEREFORE, the Plaintiff demands Judgment the Town of Westborough, Westborough Police Department, and Sgt. Clifford Luce for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT V
## ASSAULT AND BATTERY

**(AS TO DEFENDANT TOWN OF WESTBOROUGH, WESTBOROUGH POLICE DEPARTMENT, OFFICER TO BE LATER IDENTIFIED)**

94.  Plaintiff re-alleges the allegations contained in the foregoing paragraphs 1 through 93 and incorporates those allegations by reference as if fully restated herein.

95.  Upon Sgt. Luce's on-scene arrival to Baystate Commons on September 13, 2021 at 1725 hours, Plaintiff Tiberius Zaharia was separated from his family by a Westborough Police Officer unknown to the Plaintiff.

96.  Tiberius Zaharia was forcibly placed on the ground by a Westborough Police Officer.

97.  Tiberius Zaharia does not know which police officer forcibly placed him on the ground.

98.  Tiberius Zaharia's head was held down and turned away from the scene where his Wife, Mirabela Roman, was being actively assaulted by Sgt. Luce.

99.  Tiberius Zaharia had a knee forcibly placed on his back.

100. Tiberius Zaharia was not resisting the demands of the police officer.

101. Tiberius Zaharia was not charged with any crime.

102. Tiberius Zaharia was not engaged in any criminal activity.

103. The forcible placement of Tiberius Zaharia's body to the ground, the forcible placement of a knee to his back, the forcible turning of his head away from the assault of his wife, and the forcible placement of a hand on his head pushing his head into the pavement constitutes an Assault and Battery.

104. As a direct and proximate result of the Assault and Battery, the Plaintiff Tiberius Zaharia was caused to suffer severe personal injuries, significant pain and suffering, medical treatment, legal expenses, loss of employment opportunity and other costs and damages.

WHEREFORE, the Plaintiff Tiberius Zaharia demands Judgment the Town of Westborough, Westborough Police Department, and Officer to be later identified for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper

**COUNT VI**
**CIVIL CONSPIRACY**
**(AS TO DEFENDANTS TOWN OF WESTBOROUGH, WESTBOROUGH POLICE DEPARTMENT, OFFICER WILLIAM ETHIER, JR., OFFICER MICHAEL TURCO, OFFICER ELYSHA O'BRIEN and SERGEANT CLUFFORD LUCE)**

105. Plaintiff re-alleges the allegations contained in the foregoing paragraphs 1 through 104 and incorporates those allegations by reference as if fully restated herein.

106. On September 13, 2021, Officers Ethier, Turco, O'Brien and Sgt. Luce were employed by the Town of Westborough as police officers and worked the evening shift.

107. On September 13, 2021, Officer Ethier initiated a self-directed patrol of the Baystate Commons plaza.

108. Officer Ethier observed the Plaintiff's panhandling in the parking lot.

109. Neither Officer Ethier nor the Westborough Police Department received any complaints regarding the Plaintiff's conduct.

110. Neither Officer Ethier nor the Westborough Police Department received any complaints regarding the safety and well-being of the Roman children.

111. Officer's Turco and O'Brien arrived on-scene and participated in the five (5) detention and interrogation of the Plaintiffs.

112. Sgt. Clifford Luce was the on duty supervisor on September 13, 2021.

113. Sgt. Luce arrived on-scene and participated in the five (5) hour detention and interrogation of the Plaintiffs.

114. All of the on-scene Officers participated in an unlawful arrest of all of the Plaintiffs by virtue of the time of the detention and interrogation, to wit, five (5) hours.

115. Upon the field investigation turning into a detention and interrogation, the Plaintiff's were entitled to be apprised of their right to counsel.

116. Neither Officer's Ethier, O'Brien, Turco nor Sgt. Luce informed the Plaintiffs that they were entitled to counsel.

117. Officer's Ethier, O'Brien, Turco and Sgt. Luce, by virtue of their conduct and communications with one another conspired to unlawfully detain the Plaintiffs.

118. Officer's Ethier, O'Brien, Turco and Sgt. Luce, by virtue of their conduct and communications with one another conspired to unlawfully remove the children from the scene.

119. Officer's Ethier, O'Brien, Turco and Sgt. Luce, by virtue of their conduct and communications with one another conspired to unlawfully arrest Plaintiff Mirabela Roman.

120. Officer's Ethier, O'Brien, Turco and Sgt. Luce by virtue of their conduct and

communications conspired to withhold reporting Sgt. Luce for assaulting Mirabela Roman, I.Z. and S.Z.

121. Officer's Ethier, O'Brien, Turco and Sgt. Luce by virtue of their conduct and communications conspired to withhold reporting the entire incident to Internal Affairs or a higher ranking officer.

122. As a direct and proximate result of the Conspiracy, the Plaintiffs were caused to suffer severe personal injuries, significant pain and suffering, emotional distress, medical treatment, legal expenses, loss of employment opportunity and other costs.

WHEREFORE, the Plaintiff demands Judgment against the Town of Westborough, Westborough Police Department, Officer's Ethier, O'Brien, and Turco in their individual and professional capacities, and Sgt. Clifford Luce in his individual and professional capacity for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT VII
## MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c. 12 § 11
### (AS TO DEFENDANTS TOWN OF WESTBOROUGH, WESTBOROUGH POLICE DEPARTMENT, POLICE CHIEF TODD MINARDI, [prior] POLICE CHIEF JEFFREY LOURIE, OFFICER WILLIAM ETHIER, JR., OFFICER ELYSHA O'BRIEN, OFFICER MICHAEL TURCO, OFFICER RICHARD TRAINOR, SGT. CHRIS ATCHUE and SGT. CLIFFORD LUCE)

123. Plaintiff(s) re-alleges the allegations contained in the foregoing paragraphs 1 through 122 and incorporates those allegations by reference as if fully restated herein.

124. On September 13, 2021, Officers Ethier, Turco, O'Brien, Trainor, Sgt. Atchue and Sgt. Luce were employed by the Town of Westborough as police officers and worked the evening shift.

125. The actions of Officers Ethier, O'Brien, Turco, Trainor, Sgt. Atchue and Sgt. Luce were taken under color of state law as they used their employment position of a police officer and power of authority to interfere with lawful conduct, to wit, panhandling, resulting in an improper field investigation, detention, interrogation, false arrest of Mirabela Roman, and kidnapping of the Roman children.

126. Officer Ethier commenced a self-patrol of the Baystate Commons Plaza on September

13, 2021 at 1725 hours and observed Plaintiff's Mirabela Roman and Tiberius Zaharia with a sign asking for money [panhandling] and commenced an investigation.

127. Officer Ethier, at the time of the incident, was not properly advised of or trained on the panhandling law.

128. Officer Ethier had an affirmative duty to contact the supervising officer at the Westborough Department on September 13, 2021 to report the alleged incident in an effort to ascertain the criminality of the Plaintiff's conduct.

129. Officer Ethier allegedly contacted Sgt. Luce, who arrived on scene and did not correct the unlawful field investigation, detention, and interrogation.

130. Sgt. Luce participated in the unlawful field investigation, detention, and interrogation of Mirabela Roman and Tiberius Zaharia.

131. Sgt. Luce assaulted Mirabela Roman by attempting to forcibly remove her infant and toddler from her arms.

132. Sgt. Luce assaulted the 11-month-old infant and 2-year-old toddler by forcibly placing his hands on the children and pulling the children in an attempt to remove the children from the mother's arms.

133. Sgt. Luce assaulted the 11-month-old infant and 2-year-old toddler by delivering "*several brief closed fist strikes*" upon Mirabela Roman while she was holding her children.

134. Officer's O'Brien, Turco, and Ethier failed to intervene to stop Sgt. Luce's unlawful and assaultive behavior upon Mirabela Roman, I.Z. and S.Z.

135. Officer's O'Brien and Turco unlawfully placed their hands upon the Roman children and Mirabela Roman in an effort to assist Sgt. Luce in pulling the children away from the mother.

136. Officer Trainor and Sgt. Atchue arrived on scene after the assaults and assisted in the arrest of the Mirabela Roman.

137. Neither Officer Trainor nor Sgt. Atchue inquired as to the nature of the incident in an effort to assess the lawfulness of the arrest.

138. Officer Trainor and Sgt. Atchue violated the civil rights of the Plaintiffs by assisting in the unlawful arrest of Mirabela Roman.

139. The Town of Westborough and the Westborough Police Department failed to properly train and re-train their Officer(s) on changes in the law.

140. As a direct result of Officer Ethier's, O'Brien's, Turco's and Sgt. Luce's lack of training,

15

Plaintiff Mirabela Roman was arrested and falsely charged with Assault and Battery [Westborough District Court, Docket No. 2167CR001044].

141. As a direct result of Officer Ethier's, O'Brien's, Turco's and Sgt. Luce's unlawful conduct, the state took custody of the Roman children.

142. While there are policies and procedures that exist and the date of those policies and procedures pre-date the date of incident, to wit, September 13, 2021, it is evident that the Town of Westborough and the Westborough Police Department failed to properly supervise their Officer(s) and Sergeant.

143. It is evident that Officers Ethier, O'Brien, Turco and Sergeant Luce had deliberate indifference for the policies and procedures of their Police Department, the law and required additional training.

144. The Department's failure to properly train, re-train and supervise Officers Etheir, Turco, O'Brien, Trainor, Sgt. Atchue and Sgt. Luce resulted in an unlawful field investigation, unlawful interrogation, unlawful detention, unlawful arrest, unlawful custody of the Roman children to the Department, and an Assault and Battery upon Mirabela Roman, Tiberius Zaharia, S.Z. and I.Z. all in violation of the Plaintiff's civil rights.

145. The Department's failure to properly train, re-train and supervise Officers Ethier, Turco, O'Brien and Sgt. Luce resulted in an unlawful arrest of the Plaintiffs as they were detained on scene from 1725 hours until 2300 hours, five (5) hours, and were not permitted leave all in violation of the Plaintiff's civil rights.

146. Police Chiefs Minardi and Lourie, as superior officers, are responsible for the conduct of their officers.

147. As a direct and proximate cause of the foregoing, the Plaintiffs suffered harm and have a right to be compensated.

WHEREFORE, the Plaintiff demands Judgment against the Town of Westborough, Westborough Police Department, Police Chief Todd Mindari in his individual and professional capacity, [prior] Police Chief Jeffrey Lourie in his individual and professional capacity, Officer's Ethier, O'Brien, Turco and Trainor in their individual and professional capacities, and Sgt. Atchue and Sgt. Clifford Luce in their individual and professional capacities for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AS TO DEFENDANTS TOWN OF WESTBOROUGH, WESTBOROUGH POLICE DEPARTMENT, POLICE CHIEF TODD MINARDI, [prior] POLICE CHIEF JEFFREY LOURIE, OFFICER WILLIAM ETHIER, JR., OFFICER ELYSHA O'BRIEN, OFFICER MICHAEL TURCO, OFFICER RICHARD TRAINOR, SGT. CHRIS ATCHUE and SGT. CLIFFORD LUCE)

148. Plaintiff re-alleges the allegations contained in the foregoing paragraphs 1 through 147 and incorporates those allegations by reference as if fully restated herein.

149. By their actions, the Defendants the Town of Westborough, Westborough Police Department, Police Chief Todd Mindari, [prior] Police Chief Jeffrey Lourie, Officer William Ethier, Jr., Officer Elysha O'Brien, Officer Michael Turco, Officer Richard Trainor, Sgt. Atchue and Sgt. Clifford Luce (all individually and in their professional capacities), subjected the Plaintiffs to reprehensible conduct beneath any standard of human decency knowingly, willingly, intentionally, purposely, maliciously, and with such reckless disregard for the consequences as to display conscious indifference to, and an intention to inflict, harm and injury.

150. The specific conduct of the Defendants includes, but is not limited to, commencing an unlawful field investigation, detaining and interrogating the Plaintiffs for their lawful conduct, detaining the Plaintiffs for an unreasonable and excessive period of time, to wit, five (5) hours, turning the detention into an arrest of all Plaintiffs, assaulting two children, I.Z. and S.Z., and their mother Mirabela Roman, intentionally hiding their crimes from Tiberius Zaharia by forcibly placing him on the ground and turning his head away from the assaults, by aiding the Department in removing the children from the scene, by arresting Mirabela Roman for an alleged crime that the police themselves created and escalated, and for falsifying their police reports.

151. The conduct of the Defendants constituted intentional infliction of emotional distress upon all Plaintiffs.

152. The conduct of the Defendants against the Roman children, specifically being separated from their parents by strangers and Officers using excessive force caused the children extreme emotional distress.

153. The conduct of the Defendants against Tiberius Zaharia, specifically, keeping him away

from his family and forcing his face away from the melee caused his extreme emotional distress as he was unable to see what was occurring and he could not aid his family.

154. As a direct and proximate result of the foregoing, the Plaintiffs were caused to suffer severe personal injuries, significant pain and suffering, emotional distress, medical treatment, legal expenses, loss of employment opportunity and other costs.

WHEREFORE, the Plaintiff demands Judgment against the Town of Westborough, Westborough Police Department, Police Chief Todd Mindari in his individual and professional capacity, [prior] Police Chief Jeffrey Lourie in his individual and professional capacity, Officer's Ethier, O'Brien, Turco and Trainor in their individual and professional capacities, and Sgt. Atchue and Sgt. Clifford Luce in their individual and professional capacities for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT IX
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AS TO DEFENDANTS TOWN OF WESTBOROUGH, WESTBOROUGH POLICE DEPARTMENT, POLICE CHIEF TODD MINARDI, [prior] POLICE CHIEF JEFFREY LOURIE, OFFICER WILLIAM ETHIER, JR., OFFICER ELYSHA O'BRIEN, OFFICER MICHAEL TURCO, OFFICER RICHARD TRAINOR, SGT. CHRIS ATCHUE and SGT. CLIFFORD LUCE)

155. Plaintiff re-alleges the allegations contained in the foregoing paragraphs 1 through 154 and incorporates those allegations by reference as if fully restated herein.

156. By their actions, the Defendants the Town of Westborough, Westborough Police Department, Police Chief Todd Mindari, [prior] Police Chief Jeffrey Lourie, Officer William Ethier, Jr., Officer Elysha O'Brien, Officer Michael Turco, Officer Richard Trainor, Sgt. Atchue and Sgt. Clifford Luce (all individually and in their professional capacities), subjected the Plaintiffs to reprehensible conduct beneath any standard of human decency knowingly, willingly, intentionally, purposely, maliciously, and with such reckless disregard for the consequences as to display conscious indifference to, and an intention to inflict, harm and injury.

157. The specific conduct of the Defendants includes, but is not limited to, commencing an unlawful field investigation, detaining and interrogating the Plaintiffs for their lawful

conduct, detaining the Plaintiffs for an unreasonable and excessive period of time, to wit, five (5) hours, turning the detention into an arrest of all Plaintiffs, assaulting two children, I.Z. and S.Z., and their mother Mirabela Roman, intentionally hiding their crimes from Tiberius Zaharia by forcibly placing him on the ground and turning his head away from the assaults, by aiding the Department in removing the children from the scene, by arresting Mirabela Roman for an alleged crime that the police themselves created and escalated, and for falsifying their police reports.

158. The conduct of the Defendants constituted intentional infliction of emotional distress upon all Plaintiffs.

159. The conduct of the Defendants against the Roman children, specifically being separated from their parents by strangers and Officers using excessive force caused the children extreme emotional distress.

160. The conduct of the Defendants against Tiberius Zaharia, specifically, keeping him away from his family and forcing his face away from the melee caused his extreme emotional distress as he was unable to see what was occurring and he could not aid his family.

161. As a direct and proximate result of the foregoing, the Plaintiffs were caused to suffer severe personal injuries, significant pain and suffering, emotional distress, medical treatment, legal expenses, loss of employment opportunity and other costs.


WHEREFORE, the Plaintiff demands Judgment against the Town of Westborough, Westborough Police Department, Police Chief Todd Minardi in his individual and professional capacity, [prior] Police Chief Jeffrey Lourie in his individual and professional capacity, Officer's Ethier, O'Brien, Turco and Trainor in their individual and professional capacities, and Sgt. Atchue and Sgt. Clifford Luce in their individual and professional capacities for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.


## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff(s) pray that judgment be enter against the Defendant(s) for the violations/counts are articulated herein, jointly and severally in their individual and professional capacities, in the Plaintiff's favor containing the following relief:

A. Awarding the Plaintiffs compensatory damages in an amount that will compensate the Plaintiffs fairly and adequately for violating their civil rights and causing physical injury and emotional harm as to the Town of Westborough, Westborough Police Department, Police Chief Todd Minardi, [prior] Police Chief Jeffrey Lourie, Officer William Ethier, Jr., Officer Elysha O'Brien, Officer Michael Turco, Officer Richard Trainor, Sergeant Chris Atchue and Sergeant Clifford Luce in the sum of $100,000.00 per Plaintiff;

B. Awarding the Plaintiff Mirabela Roman punitive damages in an amount that will compensate the Plaintiff fairly and adequately for the violation of her civil rights and physical injury and emotional harm as to the Town of Westborough, Westborough Police Department, Police Chief Todd Minardi, [prior] Police Chief Jeffrey Lourie, Officer William Ethier, Jr., Officer Elysha O'Brien, Officer Michael Turco, Officer Richard Trainor, Sergeant Chris Atchue and Sergeant Clifford Luce in the sum of $1,900,000.00;

C. Awarding the Plaintiff Tiberius Zaharia punitive damages in an amount that will compensate the Plaintiff fairly and adequately for the violation of his civil rights and physical injury and emotional harm as to the Town of Westborough, Westborough Police Department, Police Chief Todd Minardi, [prior] Police Chief Jeffrey Lourie, Officer William Ethier, Jr., Officer Elysha O'Brien, Officer Michael Turco, Officer Richard Trainor, Sergeant Chris Atchue and Sergeant Clifford Luce in the sum of $900,000.00;

D. Awarding the Plaintiff P.Z. punitive damages in an amount that will compensate the Plaintiff fairly and adequately for the violation of him civil rights and physical injury and emotional harm as to the Town of Westborough, Westborough Police Department, Police Chief Todd Minardi, [prior] Police Chief Jeffrey Lourie, Officer William Ethier, Jr., Officer Elysha O'Brien, Officer Michael Turco, Officer Richard Trainor, Sergeant Chris Atchue and Sergeant Clifford Luce in the sum of $900,000.00;

E. Awarding the Plaintiff S.Z. punitive damages in an amount that will compensate the Plaintiff fairly and adequately for the violation of her civil rights and physical injury and emotional harm as to the Town of Westborough, Westborough Police Department, Police Chief Todd Minardi, [prior] Police Chief Jeffrey Lourie, Officer William Ethier, Jr., Officer Elysha O'Brien, Officer Michael Turco, Officer Richard Trainor, Sergeant Chris

Atchue and Sergeant Clifford Luce in the sum of $400,000.00;

F.  Awarding the Plaintiff I.Z. punitive damages in an amount that will compensate the Plaintiff fairly and adequately for the violation of her civil rights and physical injury and emotional harm as to the Town of Westborough, Westborough Police Department, Police Chief Todd Minardi, [prior] Police Chief Jeffrey Lourie, Officer William Ethier, Jr., Officer Elysha O'Brien, Officer Michael Turco, Officer Richard Trainor, Sergeant Chris Atchue and Sergeant Clifford Luce in the sum of $400,000.00;

G.  All applicable statutory interest;

G.  All other recoverable damages permitted by law;

H.  Order that the Town of Westborough and the Police Chief failed to take appropriate steps to ensure that Westborough Police Officers are trained on updates to statutory and case law;

I.  Declaring that the all named Defendant failed to take appropriate steps to correct their unlawful conduct;

J.  Declaring that all named Defendant acted negligently, recklessly, and without due regard for the law;

K.  Declaring that the Town of Westborough and the Westborough Police Department failed to report this incident to the POST Commission for investigation of the conduct of its Officers;

M.  Declaring that Sgt. Clifford Luce, as the on scene supervisor, conspired with Officer's Ethier, O'Brien and Turco to cover-up the unlawful field investigation, detention, interrogation, and arrest of Mirabela Roman as well as the kidnapping or unlawful removal of the Roman children;

P.  Awarding the Plaintiff the cost of this action including reasonable attorneys' fees;

Q.  Awarding the Plaintiff the cost of this action including reasonable expenses;

R.  Awarding the Plaintiff's pre- and post-judgment interest as permitted by law; and,

S.  Awarding such further relief as this Court may deem necessary and appropriate.


**JURY DEMAND**

The Plaintiff(s), collectively, hereby demand a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.


Dated: September 12, 2024                     Respectfully submitted.
                                              The Plaintiff(s)
                                              By their Attorney,


                                              _____/s/ Melanie Soloman_____
                                              Melanie Soloman, Esq.
                                              Law Office of Melanie Soloman, PLLC
                                              213 Main Street
                                              Milford, MA 01757
                                              BBO # 687056
                                              Phone: (508) 808-4944
                                              Email: msoloman@baystatelawyer.com